UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE

| | |
|---|---|
| GULF MEDICAL SERVICES, INC., | CASE NO. 18-30012-JCO |
| | CHAPTER 11 |
| Debtor. | |

_____

IN RE

| | |
|---|---|
| KENNETH R. STEBER, | CASE NO. 18-30639-JCO |
| | CHAPTER 11 |
| Debtor. | |

_____

IN RE

| | |
|---|---|
| STEPHEN JERNIGAN, | CASE NO. 18-31084-JCO |
| | CHAPTER 11 |
| Debtor. | |

_____

ORDER GRANTING DEBTORS' MOTION TO ADMINISTRATIVELY
CONSOLIDATE CASES (Doc. 128, 49 and 7)
_____

THIS CAUSE having come before the Court upon the motion of the above-named Debtors to administratively consolidate cases (Doc.128, 49 and 7), and good cause having been otherwise shown for such joint administration, the Court finds as follows:

1.   The Debtors are affiliates or are jointly liable on a substantial portion of the same debts.

2. Joint administration is in the best interests of the estates because it will be less costly and better assure proper notice is given to all persons who may have an interest in the outcome of these cases.

3. The creditors of the separate estates can be protected from any adverse efforts of jointly administering the cases.

4. There are common creditors which will make it more efficient to administer the cases jointly.

5. The ability to reorganize these debts is interrelated. The success or failure of one may have a material bearing on the success of the others.

Based upon the foregoing findings, it is

ORDERED AND ADJUDGED that the Motion for Joint Administration is GRANTED subject to the terms and to the extent provided as follows:

1. These cases shall be jointly administered for procedural purposes only; they are not substantively consolidated.

2. All pleadings, papers, reports and schedules to be filed in the above-captioned cases shall be filed with the caption of this Order and shall be filed in the case of <u>Gulf Medical Services, Inc</u>, Case No.: 18-30012-JCO, except for the pleadings, motions, applications, schedules, papers, proof of claims and documents described in paragraph number 4 below.

3. Each pleading, motion, application, order, notice and other paper (except those described below) shall be deemed to have been filed in all of the above-referenced cases and each such pleading, motion, application, notice, order, and other paper shall be served upon all parties-in-interest in all of the above-referenced cases except to the extent service is not required by the Bankruptcy Code, the Bankruptcy Rules or by the Order of this Court;

4. The following pleadings, motions, applications, schedules, lists, notices, statements and other papers shall be filed separately in the appropriate case:

(a) creditors' proofs of claim;

(b) schedules and statements of affairs and any amendments thereto;

(c) monthly operating reports;

(d) applications for the employment of professionals;

(e) fee applications

(f) any adversary proceedings filed by or against any of the Debtors.

The Clerk of the Bankruptcy Court shall maintain separate files for each case on the pleadings, motions, applications, schedules, lists, statements and other papers described in the paragraph immediately above.

5. When filing proofs of claims, each creditor shall file a proof of claim in the separate case in which they assert their claim and shall file such proof of claim with the caption of the case in which it is to be filed. If any creditor asserts a claim in

both cases, or any combination thereof, such creditor shall file separate claims in each case with the caption of such case (and only the caption of such case) in the proof of claim.

Dated:  December 18, 2018

                                              JERRY C. OLDSHUE, JR.
                                              U.S. BANKRUPTCY JUDGE

Order prepared by:
J. Steven Ford
Attorney, J. Steven Ford, is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of the entry of the order.