UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE

GULF MEDICAL SERVICES, INC.,    CASE NO. 18-30012-JCO
                                 CHAPTER 11
　　Debtor.

---

IN RE

KENNETH R. STEBER,              CASE NO. 18-30639-JCO
                                 CHAPTER 11
　　Debtor.

---

IN RE

STEPHEN JERNIGAN,               CASE NO. 18-31084-JCO
                                 CHAPTER 11
　　Debtor.

---

MOTION OF DEBTOR, GULF MEDICAL SERVICES, INC.,
TO SELL PROPERTY FREE AND CLEAR OF LIENS

---

Debtor-in-Possession, Gulf Medical Services, Inc. by and through its undersigned attorney, pursuant to sections 363(b)(1) and 363(f) of the Bankruptcy Code, and Bankruptcy Rule 6004, hereby files this Motion to Sell Property Free and Clear of Liens with liens to attach to proceeds and in support thereof does state:

1.　On January 12, 2018, the Debtor initiated this case by filing a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

2. Pursuant to section 1107(a) of the Bankruptcy Code, the Debtor has the rights of a trustee, including the right to sell assets of the bankruptcy estate.

3. The Debtor has received an offer from Aerocare Holding, Inc. to purchase substantially all of the assets of the Debtor for the purchase price of $2,200,000.00 ("purchase price"). A copy of a letter of intent, dated April 3, 2019, from Aerocare Holdings, Inc ("Buyer") is attached hereto as Exhibit "A".

4. Pursuant to the letter of intent, the Debtor is proposing to sell the assets set forth in paragraph one which includes all personal property, accounts receivable, franchise agreements, machinery and equipment, furniture and fixtures, contracts, inventory, tangible assets and permits (to the extent transferable) currently owned by the Debtor excluding cash and any "personal" items identified and agreed to by both parties.

5. The Buyer is not assuming any liabilities of the Debtor, prepetition debts or any post-petition administrative expenses incurred by the Debtor which have not been paid. The Buyer is also not assuming any tax liabilities of the Debtor either currently existing or created by the sale of the property. Likewise, the sale does not include any tax refunds to which the Debtor may be entitled based on any returns previously filed or to be filed by the Debtor in the future.

6.  The property to be sold is currently subject to liens held by the following:

| | Creditor | Estimated Secured claim |
|---|---|---|
| (a) | Regions Bank<br>-302 Racetrack Road<br>-6- vehicle loans<br>-Equipment loans | $294,474.35<br>Unknown *<br>$321,169.58 |
| (b) | Targeted Lease Capital | $35,584.45 |
| (c) | Blue Ridge Financial | $4,743.31 |
| (d) | Hitachi Capital | $14,105.28 |
| (e) | Philips Healthcare | $199,205.89 |
| (f) | Leaf Capital Funding | $630.00 |
| (g) | Financial Pacific (4 claims) | $54,174.62 |
| (h) | Amur Equipment (2 claims) | $11,514.40 |
| (i) | Philips Medical Capital | $141,164.11 |
| (j) | Key Equipment | $10,344.69 |
| (k) | Cardinal Health<br>(to be treated as unsecured) | $0.00 |
| (l) | New Era Lending<br>(to be treated as unsecured) | $0.00 |
| (m) | Knight Capital Funding<br>(to be treated as unsecured) | $0.00 |

7.  It is proposed the property will be sold free and clear of liens with liens

to attach to the proceeds in the amount of the secured claim based on the value of the collateral securing the claim and not based on the total claim amount. The amount of the secured claims will be reduced by any reduction in principal attributable adequate protection payments which has been paid while the case has been pending.

8. The total secured debt, based on the value of the collateral, is approximately $1,300,000.00. Additionally, the Debtor owes the Department of Revenue on two separate claims totaling approximately $26,400.51. The Debtor also owes Linde Gas the sum of $2,027.60 on a priority reclamation claim. There are also administrative expenses consisting of attorney fees previously awarded in the amount of $30,101.21, additional attorney fees since the prior application and any unpaid expenses incurred post-petition.

9. The Debtor, through its accountant, has estimated the potential tax liability to the bankruptcy estate which may result from the sale of the assets. Specifically, the accountant has determined that the federal tax liability will be approximately $260,000.00 and the state tax liability will be approximately $120,000.00 for a combined tax liability of $380,000.00. It was also determined that the Debtor has approximately $1,100,000.00 in carryover operating losses that may be available to offset income from the sale of the assets which, if available, would reduce the federal tax liability by approximately $250,000.00 resulting in federal tax liability of $10,000.00 and a state liability of $120,000.00 for a total of $130,000.00.

10. The letter of intent proposes that the sale will close by June 1, 2019. Accordingly, the Debtor is seeking approval of the sale of the assets by motion rather than through a plan, in order to close timely.

11. Upon completion of the sale, the proceeds will be escrowed to be distributed in accordance with a plan to be filed the Debtor. However, it is proposed that secured creditors will be paid, based on the value of their collateral, from the proceeds once distribution amounts are approved by the Court with the remaining proceeds to be distributed in accordance with the plan once it is confirmed. It is anticipated that the plan will propose the payment of priority and administrative claims in full, with the remaining proceeds to be distributed to unsecured creditors on a pro rata basis, after the payment of any tax liabilities.

12. As set forth in paragraph 13 of the letter of intent, Aerocare proposes to advance, to the extent necessary, funds or goods to enable the Debtor to fulfill orders between the date of the letter of intent and the date that the sale takes place in order to avoid any loss or diminution to the ongoing operations, with any advances to be credited towards the purchase price.

13. During the time that the Debtor has been operating in chapter 11, the Debtor's income has declined and the feasibility of the Debtor continuing to operate the business is in doubt. Accordingly, the Debtor, believes that the sale of the assets pursuant to the letter intent is in the best interest of the creditors and will result in

creditors receiving a greater distribution than if the Debtor continues to operate.

14.     The Debtor had not received any other offers and, due to the rapidly declining condition of the Debtor, does not believe that other offers will be forthcoming.

WHEREFORE, based on the above, the Debtor hereby requests the Court to approve the sale of substantially all the Debtor's assets as set forth in this Motion and in the attached letter of intent with liens to attach to proceeds and with the remaining funds to be distributed pursuant to a plan to be filed with the court.

/s/ J. Steven Ford
_____
J. STEVEN FORD, ESQUIRE
Florida Bar Number 512869
Wilson, Harrell, Farrington, Ford,
Wilson, Spain, & Parsons, P.A.
307 South Palafox Street
Pensacola, Florida 32502
Telephone: (850) 438-1111
Facsimile: (850) 432-8500
jsf@whsf-law.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished to Jason Egan, United States Trustee, 110 East Park Avenue, Suite 128,

Tallahassee, Florida 32301, and to all Creditors appearing on Debtor's mailing matrix, by U.S. Mail, postage prepaid, or electronic mail this __29__ of April, 2019.

_____
J. STEVEN FORD, ESQUIRE

**18-30012-JCO Notice will be electronically mailed to:**

William Patrick Ayers on behalf of Creditor Regions Bank c/o W. Patrick Ayers
payers@burr.com, ebello@burr.com

Teresa M. Dorr on behalf of Interested Party Richard Adrian Roberts
tdorr@zalkinrevell.com, tgordon@zalkinrevell.com

Jodi Daniel Dubose on behalf of Interested Party Stephen L. Jernigan
jdubose@srbp.com, lhathaway@srbp.com;jdubose.ecf@srbp.com

Jason H. Egan on behalf of U.S. Trustee United States Trustee
jason.h.egan@usdoj.gov

J. Steven Ford on behalf of Attorney J. Steven Ford
jsf@whsf-law.com, melissa@whsf-law.com

J. Steven Ford on behalf of Debtor Gulf Medical Services, Inc.
jsf@whsf-law.com, melissa@whsf-law.com

Kasee Sparks Heisterhagen on behalf of Creditor Regions Bank c/o W. Patrick Ayers
ksparks@burr.com

Andrew Wayne Houchins on behalf of Creditor Ally Financial

arivera@rushmarshall.com, ahouchins@rushmarshall.com

Andrea C. Lyons on behalf of Creditor Targeted Lease Capital, LLC
acl@esclaw.com, dsb@esclaw.com

Natasha Z. Revell on behalf of Interested Party Richard Adrian Roberts
tasha@zalkinrevell.com, krevell@zalkinrevell.com;tgordon@zalkinrevell.com

Howard S. Toland on behalf of Creditor BLUE BRIDGE FINANCIAL INC
Htoland@mitrani.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

John E. Venn on behalf of Interested Party Kenneth Steber
johnevennjrpa@aol.com,
jweber1861@aol.com;breeze1014@gmail.com;acv7398@aol.com

George L. Zinkler, III on behalf of Creditor Philips Medical Capital, LLC
gzinkler@rprslaw.com

Eric B. Zwiebel on behalf of Creditor LEAF Capital Funding, LLC
eric.zwiebel@emzwlaw.com, eservice@emzwlaw.com

**18-30012-JCO Notice will not be electronically mailed to:**

Amur Equipment Finance, Inc.
Attn: Legal Department
308 N. Locust St.
Grand Island, NE 68801

Jill B. Sport, CPA, PA
5060 Woodbine Rd.
Pace, FL 32571

**18-30639-JCO Notice will be electronically mailed to:**

William Patrick Ayers on behalf of Creditor Regions Bank c/o W. Patrick Ayers
payers@burr.com, ebello@burr.com

Teresa M. Dorr on behalf of Interested Party Richard Adrian Roberts
tdorr@zalkinrevell.com, tgordon@zalkinrevell.com

Jodi Daniel Dubose on behalf of Creditor Stephen L. Jernigan
jdubose@srbp.com, lhathaway@srbp.com;jdubose.ecf@srbp.com

Bert J. Echols on behalf of Creditor TD Auto Finance, LLC
bechols@evanspetree.com, sbruce@evanspetree.com

Jason H. Egan on behalf of U.S. Trustee United States Trustee
jason.h.egan@usdoj.gov

J. Steven Ford on behalf of Interested Party Gulf Medical Services, Inc.
jsf@whsf-law.com, melissa@whsf-law.com

Andrea C. Lyons on behalf of Creditor Targeted Lease Capital, LLC
acl@esclaw.com, dsb@esclaw.com

Natasha Z. Revell on behalf of Interested Party Richard Adrian Roberts
tasha@zalkinrevell.com, krevell@zalkinrevell.com;tgordon@zalkinrevell.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

John E. Venn on behalf of Debtor Kenneth R. Steber
johnevennjrpa@aol.com,
jweber1861@aol.com;breeze1014@gmail.com;acv7398@aol.com

Eric B. Zwiebel on behalf of Creditor LEAF Capital Funding, LLC
eric.zwiebel@emzwlaw.com, eservice@emzwlaw.com

**18-30639-JCO Notice will not be electronically mailed to:**

First National Bank of Omaha
1620 Dodge Street Stop Code 3105
OMAHA, NE 68197

Jill B. Sport
5060 Woodbine Rd.
Pace, FL 32571


John E. Venn, Jr.
220 W. Garden ST., #603
Pensacola, FL 32501

**18-31084-JCO Notice will be electronically mailed to:**

William Patrick Ayers on behalf of Creditor Regions Bank c/o W. Patrick Ayers
payers@burr.com, ebello@burr.com

Jodi Daniel Dubose on behalf of Debtor Stephen L. Jernigan
jdubose@srbp.com, lhathaway@srbp.com;jdubose.ecf@srbp.com

Jason H. Egan on behalf of U.S. Trustee United States Trustee
jason.h.egan@usdoj.gov

J. Steven Ford on behalf of Interested Party Gulf Medical Services, Inc.
jsf@whsf-law.com, melissa@whsf-law.com

Kenia Molina on behalf of Creditor Bank of America, N.A
kmolina@flwlaw.com, kenia@keniamolina.com

Wanda Deborah Murray on behalf of Creditor Bayview Loan Servicing, LLC
ecfflnb@aldridgepite.com, WMurray@ecf.courtdrive.com

Darryl Steve Traylor, Jr. on behalf of Creditor Harvesters Federal Credit Union
steve@borowski-traylor.com

United States Trustee
USTPRegion21.TL.ECF@usdoj.gov

**18-31084-JCO Notice will not be electronically mailed to:**



April 3, 2019

Kenneth R. Steber
Gulf Medical Services, Inc. (EIN 59-2849613)
3103 N. 12th Avenue
Pensacola, FL 32503
c/o J. Steven Ford, Esq.
jsf@whsbf-law.com

Dear Mr. Steber:

AeroCare Holdings, Inc. ("Buyer") agrees to acquire and Gulf Medical Services, Inc. ("Seller") agrees to sell substantially all of the assets of Seller for $2,200,000.00 ("Purchase Price").

The proposed terms and conditions of the acquisition include, but are not limited to, the following:

1. Assets of Seller. The assets of the Seller to be sold ("the Assets") include without limitation all personal property, accounts receivable, franchise agreements, machinery and equipment, furniture and fixtures, contracts, inventory, intangible assets and permits (to the extent transferable) currently owned by the Seller, excluding cash and any "personal" items identified and agreed to by both parties.

2. Liabilities. Buyer expressly states that it is assuming no liabilities of any kind in connection with the purchase of the Assets except those liabilities or obligations which Buyer agrees to assume under the Purchase and Sales Agreement. In addition to accounts payable, long term debt and legacy obligations, other examples of liabilities not being assumed include accrued payroll and related accruals for employees' vacation and sick time.

In regard to the accounts payable of the Seller, the Seller is responsible for all invoices and services incurred prior to the effective date of the transaction. The Buyer has priced this transaction based on the Seller continuing to run the operations of the business in a consistent manner up to the effective date of the transaction. Accordingly, any slow-down in purchases of the Seller as the effective date approaches can result in an adjustment to the purchase price.

3. Method of Payment. Buyer shall pay to Seller $2,200,000.00 (Purchase Price) in cash upon execution of the Purchase and Sales Agreement.

4. Non-Competition and Employment Agreement. All shareholders and Seller agree not to compete with Buyer in its conduct of business after closing, and will sign a 5-year, 75 mile radius covenant not to compete to this effect. Also, in the event any employee, person or entity shall have entered into any non-competition, non-disclosure or like agreements with Seller, Seller shall assign or cause to be assigned all the Seller's rights under such agreements.

5. Conduct of Business. Until Closing, Seller:

    A. Will use its best efforts to conduct its business in a reasonable and prudent manner in accordance with best practices;

    B. Will engage in no transactions out of the ordinary course of business;

    C. Will use its best efforts to preserve its existing business organization and relations with its employees, customers, franchisers, suppliers and others with whom it has a business relationship;

    D. Will use its best efforts to preserve and protect the Assets;

    E. Will not dispose of any of the Assets, except such as are retired or replaced in the ordinary course of business;

    F. Will conduct its business in compliance with all court directives, and applicable laws and regulations;

    G. Will not make any distributions to shareholders, unless disclosed to Buyer;

    H. Will not pay any bonuses or make any salary or wage increase to employees of Seller, unless disclosed to Buyer, nor enter into any new written employment agreements with any employees of Seller; and

    I. Will not take any actions which might be adverse to the interests of the Buyer or the business of the Seller (e.g., entering into a new building lease or extending the term of an existing building lease without first consulting with Buyer).

    6. **Warranties.** Unless otherwise specified in the Purchase and Sales Agreement, the representations and warranties of Buyer and Seller shall survive the closing of the Purchase and Sales Agreement for a period of three (3) years from the closing date. The formal Purchase and Sales Agreement will contain the usual warranties by Seller and Buyer, including without limitation the following unqualified representations and warranties of Seller;

    A. Warranties relating to organization and good standing of Seller;

    B. Warranties as to the accuracy and consistency of the financial statements of the Seller provided to the Buyer;

    C. Warranties against any litigation or liabilities, including tax liabilities for prior years;

    D. Warranties that contracts, leases and other agreements of Seller, if any, have been disclosed;

    E. Warranties that Seller has good title to the Assets and that the Assets will be conveyed unencumbered by any creditor claims, liens, or encumbrances other than the liens with respect to the liabilities to be assumed by the Buyer (if any);

    F. Warranties that no broker, other than those specifically disclosed, has been engaged in connection with this transaction, and agrees to indemnify and hold

Buyer and affiliates harmless from and against any claim for fees or commissions from any party under any purported agreement with the Seller;

G. Warranties that the operation of all the assets will be in compliance in all material respects with all applicable federal, state and local statutes, ordinances and regulations; and

H. Warranties as to the environmental hazards, including a warranty that Seller is in compliance in all material respects with all environmental laws.

The Purchase and Sales Agreement will contain a provision in which the Seller and shareholders agree to indemnify Buyer against losses from any breach of representations, warranties or covenants and any unpaid or undisclosed liabilities not assumed by the Buyer at the time of closing.

7. <u>Medicare, Medicaid and Other Payor Refund/Recoupment.</u> Any Medicare, Medicaid and/or other payor refunds or recoupments pertaining to any accounts receivable of the Seller created or billed on or before the effective date of the transaction, shall be the responsibility of the Seller. For a five (5) year period following the effective date of the transaction, the shareholders of the Seller will agree to indemnify and hold the Buyer harmless from and against all Medicare, Medicaid and other payor refund or recoupment liability.

8. <u>Closing.</u> The Closing of the acquisition contemplated under this letter will have an effective date of June 1, 2019. The Closing will take place on or shortly after June 1, 2019 depending on when the documents and exhibits are finalized and the transaction is ready for Closing.

9. <u>Due Diligence.</u> Before Closing, Buyer will perform due diligence with respect to income statement periods and related balance sheets justifying purchase price negotiated by Seller and Buyer, and verifying detail, financial and operational information represented to Buyer. In addition, Buyer will perform a review of employees, referral sources, patient files and Medicare compliance.

10. <u>Governing Law.</u> Both Seller and Buyer agree that the laws of Florida shall govern the transactions contemplated by this letter, except that non-compete and similar obligations will be governed by the laws of Florida.

11. <u>Confidentiality and Exclusivity.</u> Seller and shareholders agree that between the date of execution of this letter of intent and June 1, 2019 (the period of exclusivity) they will not engage in negotiations or discussions with any other party relative to the sale of the majority of the assets or business of Seller. The period of exclusivity may be extended or terminated by mutual written agreement of the parties. Parties agree to maintain the confidentiality of all details of the intended purchase, and that neither party will disclose to any third party (other than their authorized agents and representatives, who shall maintain confidentiality), the contents of this Letter of Intent prior to the execution of the formal contract, unless disclosure is required through the bankruptcy process.

12. <u>Non-binding Nature.</u> It is understood that this letter constitutes a statement of the mutual intentions of the parties with respect to the proposed transaction, does not contain all matters upon which agreement must be reached in order for the proposed transactions to be consummated and, except with respect to Paragraph 12 above, creates no binding rights in favor

of any party. This letter is for negotiation purposes only, and neither party intends to be bound hereby. A binding commitment with respect to the transaction will result only upon the execution and delivery of a definitive Purchase and Sales Agreement which is approved by the respective parties Board of Directors and Shareholders (for Buyer approval as required by its By laws and shareholder agreements) of each party.

13. Upon approval by the court, as set forth below, Buyer shall have the right to (i) supply needed durable medical equipment or (ii) to pay specified creditors, as identified by the Buyer, to assure continuing receipt of product and services needed to service patients and assure the continuation of business in the ordinary course. All such payments and/or equipment supply costs, and any profit or financial benefit occurring as a result of such supply or payments, shall be documented and shall be set-off against the purchase price paid at closing, i.e. credit shall be given to Buyer to reduce the Purchase Price. Seller shall procure court approval such that in the event this asset sale transaction is not approved, is not completed, or otherwise does not close, the Buyer shall have first priority rights of claims and recoupment, even over secured creditors, for the value of equipment provided and any sums paid by the Buyer to creditors as provided herein.

14. <u>Time of Acceptance</u>. This Letter of Intent will be void unless accepted and returned by 5:00 P.M. on April 4, 2019.

15. <u>Court Approval</u>. It is understood that this asset sale transaction is subject to the approval of the United States Bankruptcy Court in and for the Northern District of Florida (Case number: 18-30012-JCO).

If the foregoing is satisfactory, please signify your acceptance by signing and dating a copy of this letter and return it to us by facsimile.

Sincerely,

Jacques D. Schira
Vice President and CCO


ACCEPTED AND AGREED TO on behalf of Gulf Medical Services, Inc., on this 3rd day of April, 2019.

Gulf Medical Services, Inc.

By: _____
Ken Steber


Copy to:
J. Steven Ford, Esq.
307 S. Palafox Street
Pensacola, FL 32502
(850) 438-1111
jsf@whsbf-law.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1129-3<br>Case 18-30012-JCO<br>Northern District of Florida<br>Pensacola<br>Mon Apr 29 10:57:21 EDT 2019 | Ally Financial<br>c/o Andrew W. Houchins, Esq.<br>P.O. Box 3146<br>Orlando, FL 32802-3146 | Amur Equipment Finance, Inc.<br>Attn: Legal Department<br>308 N. Locust St.<br>Grand Island, NE 68801-5969 |
| BLUE BRIDGE FINANCIAL INC<br>c/o Howard S Toland, Esq<br>1200 Weston Road PH<br>Weston, FL 33326-1987 | Bayview Loan Servicing, LLC<br>ALDRIDGE PITE, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-7921 | Gulf Medical Services, Inc.<br>3103 North 12 Ave.<br>Pensacola, FL 32503-4006 |
| Jill B. Sport, CPA, PA<br>5060 Woodbine Rd.<br>Pace, FL 32571-8713 | LEAF Capital Funding, LLC<br>c/o Emanuel & Zwiebel, PLLC<br>7900 Peters Road<br>Building B<br>Suite 100<br>Plantation, FL 33324-4045 | Philips Medical Capital, LLC<br>c/o George L. Zinkler, III<br>Rice Pugatch<br>101 NE Third Avenue<br>Suite 1800<br>Ft. Lauderdale, FL 33301b  33301-1252 |
| Regions Bank c/o W. Patrick Ayers<br>Burr & Forman LLP<br>201 North Franklin Street, Suite 3200<br>Tampa, FL 33602-5872 | Targeted Lease Capital, LLC<br>5500 Main Street<br>Suite 300<br>Williamsville, NY 14221-6753 | *Andrea C. Lyons, Esquire<br>Emmanuel, Sheppard & Condon<br>30 S. Spring Street<br>Pensacola, FL 32502-5612 |
| *Bank of America<br>PO Box 15019<br>Wilmington, DE 19850-5019 | *Blue Bridge Financial Inc<br>c/o Howard S Toland, Esq<br>1200 Weston Rd, PH<br>Weston, Fla 33326-1987 | *Faye Jernigan<br>5953 Moors Oak Dr<br>Milton, FL 32583-2844 |
| *Florida Department of Revenue<br>5050 West Tennessee St<br>Tallahassee, FL 32399-0100 | *Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | *Janet Harris<br>1951 Iris Lane<br>Navarre, FL 32566-8316 |
| *Jason H. Egan<br>U.S. Department of Justice<br>Office of the United States Trustee<br>110 East Park Avenue, Suite 128<br>Tallahassee, FL 32301-7728 | *Jodi Daniel Dubose<br>Stichter, Riedel, Blain & Postler<br>41 N. Jefferson Street, Suite 111<br>Pensacola, FL 32502-5669 | *John E. Venn, Jr., P.A.<br>220 W. Garden St., Ste. 603<br>Pensacola, FL 32502-5732 |
| *Karen Duncan<br>780 Ash Drive<br>Pensacola, FL 32503-2319 | *LEAF Capital Funding, LLC<br>Emanuel & Zwiebel, PLLC<br>7900 Peters Road<br>Building B, Suite 100<br>Plantation, Florida 33324-4045 | *Life Gas<br>24963 Network Place<br>Chicago, IL 60673-1249 |
| *Philips Medical Capital, LLC.<br>Attn: George L. Zinkler, III<br>Rice Pugatch et al<br>101 N.E. Third Avenue, Suite 1800<br>Fort Lauderdale, FL 33301-1252 | *Regions Bank<br>201 Milan Pkwy<br>Birmingham, AL 35211-6946 | *Regions Bank<br>PO Box 830734<br>Birmingham, AL 35283-0734 |
| *Regions Bank<br>c/o Christine B. Segarra, Esq.<br>Burr and Forman LLP<br>RSA Tower<br>11 N Water St., Ste. 22200<br>Mobile, AL 36602-5022 | *Regions Bank<br>c/o Kasee S. Heisterhagen<br>Burr & Forman, LLP<br>P.O. Box 2287<br>Mobile, AL 36652-2287 | *Resmed<br>PO Box 534593<br>Atlanta, GA 30353-4593 |

| | | |
|---|---|---|
| *Respironics<br>PO Box 405740<br>Atlanta, GA 30384-5700 | *Richard A. Roberts<br>c/o Zalkin Revell, PLLC<br>2441 US Highway 98, Suite 109<br>Santa Rosa Beach, FL 32459-5386 | *Robert Rinke<br>21 La Caribe Dr<br>Pensacola Beach, FL 32561-2032 |
| *State of Florida Department of Revenue<br>5050 W Tennesse St<br>Tallahassee, FL 32399-6585 | *W. Patrick Ayers, Esq.<br>201 North Franklin Street, Suite 3200<br>Tampa, FL 33602-5872 | ALTUS/Remit Data<br>80 Monroee Ave<br>Suite 300<br>Memphis, TN 38103-2432 |
| AT&T Corp<br>% AT&T Services, Inc.<br>Karen Cavagnaro, Esq.<br>One AT&T Way, Suite 3A104<br>Bedminster, NJ 07921-2693 | Ally Financial<br>PO Box 130424<br>Roseville MN 55113-0004 | Ally Financial<br>PO Box 380901<br>Minneapolis, MN 55438-0901 |
| American Express Bank, FSB<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Amur<br>PO Box 2555<br>Grand Island, NE 68802-2555 | Amur Equipment Finance, Inc.<br>308 N. Locust St.<br>Grand Island, NE 68801-5969 |
| Ariel Bouskila<br>Berkovitch & Bouskila, PLLC<br>40 Exchange Place Suite 1306<br>New York, NY 10005-2743 | Bayview Loan Servicing, LLC<br>c/o Wanda Deborah Murray<br>Aldridge Pite LLP<br>Fifteen Piedmont Center<br>3575 Piedmont Road, N.E., Suite 500<br>Atlanta, GA 30305-1636 | BellSouth Telecommunications, Inc.<br>% AT&T Services, Inc.<br>Karen Cavagnaro, Esq.<br>One AT&T Way, Suite 3A104<br>Bedminster, NJ 07921-2693 |
| Blue Bridge<br>535 Washing Street<br>Suite 201<br>Buffalo, NY 14203-1430 | Blue Bridge Financial Services Inc<br>535 Washington Street Suite 201<br>Buffalo, NY 14203-1430 | Brown & Fortunato, P.C.<br>905 S. Fillmore, Suite 400<br>Amarillo, TX 79101-3541 |
| Brown and Fortunate<br>PO Box 9418<br>Amarillo, TX 79105-9418 | CIT Bank NA<br>PO Box 593007<br>San Antonio, TX 78259-0200 | CIT Finance, LLC<br>PO Box 593007<br>San Antonio, TX 78259-0200 |
| Caine-Weiner/joint comm/wk 105.00<br>1699 East Woddfield Rd<br>#36<br>Memphis, TN 38103 | Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Cardinal Health 110, LLC<br>c/o Debra Willet, VP Assoc Gen Counsel<br>7000 Cardinal Health<br>Dublin, OH 43017 |
| David W. Carickhoff,Ch 7 Ttee of Univita Hol<br>Pachulski Stang, Ziehl & Jones LLP<br>Attn: Jason S. Pomerantz<br>10100 Santa Monica Blvd., 13th Floor<br>Los Angeles, CA 90067-4003 | (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | EULER HERMES N.A. as Agent for DRIVE MEDICAL<br>800 Red Brook Blvd, #400C<br>Owings Mills, MD 21117-5173 |
| EULER HERMES N.A. as DRIVE MEDICAL SPV LLC<br>800 Red Brook Blvd, #400C<br>Owings Mills, DC 21117-5173 | Eric B. Zwiebel, Esq.<br>Emanuel & Zwiebel, PLLC<br>7900 Peters Road<br>Building B, Suite 100<br>Plantation, FL 33324-4045 | Euler Hermes/Drive<br>800 Red Brook Blvd.<br>Suite 400C<br>Owings Mills, MD 21117-5190 |

| | | |
|---|---|---|
| Express Oil<br>384 Turnberry Rd<br>Birmingham, AL 35244-3290 | Express Oil of Pensacola, Inc.<br>384 Turnberry Road<br>Birmingham, AL 35244-3290 | Financial Pacific<br>PO Box 749642<br>Los Angeles, CA 90074-9642 |
| Financial Pacific Leasing, Inc.<br>3455 S 344th Way, Ste. 300<br>Federal Way, WA 98001-9546 | George L. Zinkler, III, Esq.<br>Rice Pugatch<br>101 NE 3rd Avenue, Suite 1800<br>Ft. Lauderdale, FL 33301-1252 | Geriscript<br>PO Box 1534<br>Columbus, GA 31902-1534 |
| Hayslip and Zost Pharmacy Brokers, LLC<br>Rick Lewellen<br>3717 Skyline Drive<br>Plano, TX 75025-1905 | Hitachi Capital America Corp.<br>P.O. Box 15667<br>Minneapolis, MN 55415-0667 | Hitachi-Tempus<br>10170W Tropicana Ave<br>Las Vegas, NV 89147-8465 |
| In Home Solutions<br>8500 Baycenter Rd<br>Suite 25<br>Jacksonville, FL 32256-7465 | Kenneth Steber<br>115 Sabine Dr.<br>Pensacola Beach, FL 32561-5222 | Kenneth Steber<br>3103 N. 12th Ave<br>Pensacola, FL 32503-4006 |
| Key Equipment<br>100 South McCaslin Blvd.<br>Superior, CO 80027-9456 | Key Equipment Finance<br>1000 S. McCaslin Blvd<br>Superior, CO 80027-9441 | Key Equipment/7<br>100 South McCaslin Blvd.<br>Superior, CO 80027-9456 |
| Key Equipment/8<br>100 South McCaslin Blvd.<br>Superior, CO 80027-9456 | Knight Capital Funding III, LLC<br>1691 Michigan Avenue, Suite 230<br>Miami Beach, Florida 33139-2566 | Leaf Capital<br>PO Box 742647<br>Cincinnati, OH 45274-2647 |
| Linde Gas North America LLC<br>200 Somerset Corporate Blvd.<br>Suite 7000<br>Bridgewater, NJ 08807-2882 | Main Street<br>3 Hutton Centre Drive<br>Suite 400<br>Santa Ana, CA 92707-5788 | McCarthy, Burgess and Wolff<br>2600 Cannon Rd<br>Bedford, OH 44146 |
| McKesseon Medical-Surgical<br>Minnesota Supply, Inc.<br>c/o Stephanie Hampton<br>4345 Southpoint Blvd<br>Jacksonville, FL 32216-6166 | McKession Surgical<br>Minnwsota Supply Inc.<br>Lockbox 63404<br>Cincinnati, OH 45263-0001 | (p)MEDLINE INDUSTRIES INC<br>ATTN ANNE KISHA<br>ONE MEDLINE PL<br>MUNDELEIN IL 60060-4486 |
| Natasha Z. Revell, Esq.<br>Zalkin Revell, PLLC<br>2441 US Highway 98W<br>Suite 109<br>Santa Rosa Beach, FL 32459-5386 | Navitas<br>PO Box 9500<br>Wilkes Barre, PA 18773-9500 | New Era<br>North Orange St<br>Suite 767<br>Wilmington, DE 19801 |
| New Era Lending, LLC<br>40 Exchange Place Suite 1306<br>New York, NY 10005-2743 | PAWNEE LEASING CORPORATION<br>SOLOVE LAW FIRM, P.A.<br>12002 SW 128TH COURT, SUITE 201<br>MIAMI, FL 33186-4643 | Pawnee/Providence<br>3801 Automation Way<br>Suite 209<br>Fort Collins, CO 80525-5735 |

Philips
PO Box 92449
Cleveland, OH 44193-0003

Philips Healthcare
c/o Bruce Borrus
Fox Rothschild LLP
1001 4th Ave. Suite 4500
Seattle, WA 98154-1192

Philips Medical Capital, LLC
c/o George L. Zinkler, III, Esq.
Rice Pugatch Robinson Storfer & Cohen, P
101 NE 3rd Avenue, Suite 1800
Fort Lauderdale, FL 33301-1252

Printers of Pensacola, LLC
1207 West Garden Street
Pensacola, FL 32502-4556

Providence Capital Funding
3020 Saturn Street
Suite 203
Brea, CA 92821-6262

QS1
PO Box 890898
Charlotte, NC 28289-0898

Queen Funding
2221 NE 164th ST
Suite 1144
North Miami Beach, FL 33160-3703

Regions Bank
250 Riverchase Parkway East, Suite 400
Hoover, AL 35244-1832

Regions Bank
c/o W. Patrick Ayers
Burr & Forman LLP
201 North Franklin Street, Suite 3200
Tampa, Florida 33602-5872

ResMed Corp.
9001
san diego, CA 92123

Royal Bank AM
550 Township Line Road
Blue Bell, PA 19422-2732

State of Florida - Department of Revenue
Post Office Box 6668
Tallahassee, FL 32314-6668

Stephen Jernigan
8532 Moores Oak Drive
Milton, FL 32583

Suntrust Bank
PO Box 9079
Baltimore, MD 21279-0001

TOPRX, LLC
2950 Brother Blvd, Ste 102
Bartlett, TN 38133-3968

Targeted Capital
PO Box 3892
Seattle, WA 98124-3892

Targeted Lease Capital, LLC
Attn: Norm Stein
5500 Main Street, Suite 300
Williamsville, NY 14221-6753

Teresa M. Dorr, Esq.
Zalkin Revell, PLLC
2441 US Highway 98W
Suite 109
Santa Rosa Beach, FL 32459-5386

Top RX
2950 Brother Blvd.
Bartlet, TN 38133-3968

Umpqua Bank/Fin Pac
3455 A 344th Way
Suite 300
Auburn, WA 98001

United States Trustee
110 E. Park Avenue
Suite 128
Tallahassee, FL 32301-7728

UnitedHealthcare Insurance Company
ATTN: CDM Bankruptcy
03B
185 Asylum Street
Hartford, CT 06103-3408

Universal Financial /Trace Medical
5877 Pine Ave
Suite 200
Chino Hills, CA 91709-6543

VGM Financial
1111 West SAm Marnan Drive
Suite A1 West
Waterloo, IA 50701-8924

VGM Financial/330
1111 West SAm Marnan Drive
Suite A1 West
Waterloo, IA 50701-8924

VGM Financial/331
1111 West SAm Marnan Drive
Suite A1 West
Waterloo, IA 50701-8924

VGM Financial/332
1111 West SAm Marnan Drive
Suite A1 West
Waterloo, IA 50701-8924

Wells Fargo Vendor Financial Services, LLC
P.O. Box 105710
Atlanta, GA 30348-5710

Yellowstone
1 Eventrust Plaza
Jersey City, NJ 07302-3051

J. Steven Ford
Wilson, Harrell, Farrington
307 S. Palafox Street
Pensacola, FL 32502-5929

| | | |
|---|---|---|
| J. Steven Ford<br>Wilson, Harrell, Smith, Farrington & For<br>307 South Palafox Street<br>Pensacola, FL 32502-5929 | Richard Adrian Roberts<br>1951 Iris Lane<br>Navarre, FL 32566-8316 | Stephen L. Jernigan<br>1886 Schnoor Road<br>Jay, FL 32565-9773 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Discover Financial Services<br>PO Box 15316<br>Wilmington, DE 19850 | Medline<br>Dept CH 14400<br>Palatine, IL 60055 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)LEAF Capital Funding, LLC<br>c/o Emanuel & Zwiebel, PLLC<br>7900 Peters Road<br>Building B, Suite 100<br>Plantation, FL 33324-4045 | (d)Kenneth Steber<br>115 Sabine Dr.<br>Pensacola Beach, FL 32561-5222 | End of Label Matrix<br>Mailable recipients  122<br>Bypassed recipients    2<br>Total               124 |